IN THE UNITED STATES DISTRICT COURT
IN AND FOR SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09:11-cv-81108-Ryskamp/Vitunac

JOHN CONDE, individually and as class
representatives of all similarly situated
employees,

        Plaintiff,

vs.

METRO TREATMENT OF FLORIDA, L.P., a
Foreign Limited Partnership; and COLONIAL
MANAGEMENT GROUP, L.P., a Foreign
Limited Partnership,

        Defendants.      /

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, METRO TREATMENT OF FLORIDA, L.P and COLONIAL MANAGEMENT GROUP, L.P (hereinafter referred to as "Metro", "CMG" and/or "Defendants"), by and through their undersigned counsel hereby file their Answer and Affirmative Defenses to Plaintiff JOHN CONDE's (hereinafter referred to as "Plaintiff") Complaint and in support thereof states:

    1.    Admitted.

    2.    Admitted that Metro, a wholly owned subsidiary of CMG is doing business in Palm Beach County and throughout the State of Florida, and that Plaintiff was employed in West Palm Beach, Florida. Denied that Metro is doing business nationwide. Admitted that CMG owns and operates substance abuse treatment facilities in Florida and in other states.

3. Admitted that Plaintiff was a non-exempt employee from July 7, 2008 until June 3, 2011 when he was terminated for misconduct and violation of company policy. Plaintiff was employed as a Counselor. Denied that Plaintiff was employed as a security guard. Admitted that Plaintiff's starting rate was $13.75 per hour and that he received a raise to $14.03 per hour in July 2009. Denied that Plaintiff received a raise to $14.37 per hour a few months later. Admitted that beginning in January, 2011, Plaintiff was classified as an exempt professional employee and paid a salary of $578.80 for all hours he worked in any workweek.

4. Denied.

5. Admitted only that Plaintiff purports to file this action pursuant to the Fair Labor Standards Act ("FLSA"), the Florida Constitution and §448.110, Fla. Stat. Denied that Plaintiff or anyone else is entitled to any relief under FLSA, the Florida Constitution and/or §448.110, Fla. Stat. or any other statute or ordinance.

6. Admitted only that Plaintiff is a covered employee. Otherwise paragraph 6 is denied.

7. Admitted only that Defendants are Plaintiff's employer under the FLSA and Florida law. Otherwise paragraph 7 is denied

8. Admitted only that Plaintiff is jointly employed by Defendants. Denied that Plaintiff or anyone else is entitled to any relief under FLSA, the Florida Constitution and/or §448.110, Fla. Stat. or any other statute or ordinance.

9. Admitted only that Plaintiff invokes the Court's jurisdiction in filing a claim for alleged unpaid wages pursuant to the FLSA , the Florida Constitution and §448.110, Fla. Stat. Denied that Plaintiff or anyone else is entitled to any relief under the FLSA, the Florida Constitution, §448.110, Fla. Stat. or any other statute, law or ordinance.

10. Admitted only that Plaintiff invokes jurisdiction under §216(b) of the FLSA. Denied that Plaintiff or anyone else is entitled to any relief under the FLSA.

11. Admitted that the Court may issue a declaratory judgment under the stated statutes under appropriate circumstances. Denied that the Plaintiff or anyone else is entitled to a declaratory judgment.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted only that Plaintiff invokes the Court's jurisdiction in filing a claim for alleged unpaid wages pursuant to the FLSA, the Florida Constitution and §448.110, Fla. Stat. Denied that Plaintiff or anyone else is entitled to any relief under the FLSA, the Florida Constitution, §448.110, Fla. Stat. or any other statute, law or ordinance.

16. Denied.

17. Denied,

18. Denied.

19. Denied.

20. Admitted only that Plaintiff invokes the Court's jurisdiction in filing a claim for alleged unpaid wages pursuant to the FLSA, the Florida Constitution and §448.110, Fla. Stat. Denied that Plaintiff is entitled to any relief under the FLSA, the Florida Constitution, §448.110, Fla. Stat. or any other statute, law or ordinance.

21. Admitted only as to Plaintiff. Otherwise, paragraph 21 is denied.

22. Admitted only as to Plaintiff. Otherwise, paragraph 22 is denied.

23. Denied.

24. Denied.

25. Denied.

## COUNT I – FAIR LABOR STANDARDS ACT VIOLATION

26, Defendants repeat and reassert their answers to paragraphs 1 through 25 of the Plaintiff's Complaint above.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

Defendants deny each and every item in the Prayer for Relief of Count I of the Complaint.

Defendants deny each and every allegation in Count I that is not expressly admitted herein.

## COUNT II – VIOLATION OF FLORIDA MINIMUM WAGE ACT

34. Defendants repeat and reassert their answers to paragraphs 1 through 25 of the Plaintiff's Complaint above.

35. Admitted that the Florida Minimum Wage Act applies to Defendants. Denied that Defendants violated the Florida Minimum Wage Act

36. Admitted.

37. Admitted as to Plaintiff and any other employee. Denied that Defendants failed to pay any of their employees a minimum wage.

38. Admitted only that Plaintiff invokes the Court's jurisdiction in filing a claim for alleged unpaid wages pursuant to the FLSA, the Florida Constitution and §448.110, Fla. Stat. Denied that Plaintiff is entitled to any relief under the FLSA, the Florida Constitution, §448.110, Fla. Stat. or any other statute, law or ordinance. Otherwise paragraph 38 is denied.

39. Denied.

40. Denied.

Defendants deny each and every item in the Prayer for Relief of Count II of the Complaint.

Defendants deny each and every allegation in Count II that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

41. The Complaint fails to state a claim upon which relief may be granted in Count I of Plaintiff's Complaint under the Fair Labor Standards Act and/or Count II of Plaintiff's complaint under §448.110, Fla. Stat. and the Florida Constitution

### Second Affirmative Defense

42 Defendants did not willfully violate the Fair Labor Standards Act or §448.110, Fla. Stat. or the Florida Constitution.

### Third Affirmative Defense

43. Plaintiff is not entitled to liquidated damages under 29 U.S.C. §260 or §448, 110, Fla. Stat. because Defendant's actions at all times were in good faith and Defendants had

reasonable grounds for believing that their actions did not violate the Fair Labor Standards Act or the Florida Minimum Wage Act.

## Fourth Affirmative Defense

44.     Defendants paid Plaintiff any and all amounts owed him as a result of his employment with Plaintiff.

## Fifth Affirmative Defense

45.     Beginning in January 2011, Plaintiff was employed by Defendants in a professional capacity.  Pursuant to 29 U.S.C. §213(a) (1) and the regulations issued by the Secretary of Labor, Plaintiff is exempt from the provisions of 29 U.S.C. §206 and §207.

## Sixth Affirmative Defense

46.      Pre-judgment interest is not recoverable under the Fair Labor Standards Act or the Florida Minimum Wage Act when liquidated damages are sought and awarded.

Defendants reserve their right to amend their answer and otherwise amend, modify, or add further affirmative defenses which may become known after the filing of this pleading and/or upon completion of discovery in this case.

**WHEREFORE**, Defendants, having fully answered and responded to the allegations in the Plaintiff's Complaint, request that:

1. Plaintiff's claims be dismissed with prejudice in their entirety;

2. Each and every prayer for relief in Plaintiff's complaint be denied;

3. Judgment be entered in favor of Defendants;

4. All costs and reasonable attorneys' fees be awarded to Defendants and against Plaintiff as allowed by law; and

5. This Court grant Defendants such other and further relief as it deems just and proper.

Dated this 8th day of November 2011.

                    Respectfully submitted,

                    s/ Dorothy F. Green
                    **Dorothy F. Green, Esq.**
                    Florida Bar No. 504350
                    Trial Counsel
                    E-Mail: dgreen@lseblaw.com
                    **LATHAM, SHUKER, EDEN & BEAUDINE LLP**
                    111 N. Magnolia Ave., Suite 1400
                    Orlando, Florida 32801
                    (407) 481-5800 Telephone
                    (407) 481-5801 Facsimile
                    **Counsel for Defendants**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 8, 2011, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to Christopher C. Copeland at Chris@CopelandPA.com.

                    s/Dorothy F. Green
                    Dorothy F. Green

.